UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: December 7, 2020

v.

18-CR-769 (KMW)
**OPINION & ORDER**

CIRO SAMA,

    Defendant.
------------------------------------------------------------X

KIMBA M. WOOD, District Judge:

  Defendant Ciro Sama has moved to reduce his sentence pursuant to the federal compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), in light of his claimed susceptibility to COVID-19. (ECF No. 57.) The Government opposes the motion. (ECF No. 59.) For the reasons that follow, Defendant's motion is DENIED.

## BACKGROUND

  Defendant was arrested on October 9, 2018 in connection with his involvement in an attempted gunpoint robbery of a cellphone store in the Bronx, New York. (Gov't Opp'n at 2.)

  The Government charged Defendant with conspiring to commit Hobbs Act Robbery in violation of 18 U.S.C. § 371. (*Id.* at 1.) Defendant pleaded guilty on March 26, 2019. (*Id.*)

  On September 5, 2019, the Court sentenced Defendant to 60 months' imprisonment, followed by three years of supervised release. The Court took into consideration the fact that Defendant and his co-conspirator committed a violent and dangerous attempted robbery at gunpoint. (Sent. Tr. at 11, ECF No. 50.) During the robbery, one firearm was discharged, and

the victim suffered a bullet wound to his head that would have been fatal had the bullet landed inches lower. (*Id.*) The Court also recognized Defendant's physical and mental disabilities. (*Id.* at 12.)

Defendant is currently serving his sentence at USP Canaan. His projected release date is on or about January 12, 2023. (*See* Gov't Opp'n at 2.)

Defendant submitted an administrative request for compassionate release on September 6, 2020. (*Id.* at Ex. A.) The Warden of USP Canaan denied Defendant's request on September 9, 2020. (*Id.*; *id.* at App. A.)

On October 20, 2020, Defendant filed the present motion *pro se* and requested that the Court appoint counsel for him. (ECF No. 57.) The Court appointed Mark Gombiner, Defendant's prior counsel, to assist Defendant with his motion for compassionate release. (ECF No. 58.) The Government filed its opposition to the motion on November 3, 2020. (ECF No. 59.) Defendant's court-appointed counsel filed a response on November 30, 2020. (ECF No. 61.)

## LEGAL STANDARDS

Under 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may reduce a defendant's sentence upon motion of the Director of the Bureau of Prisons ("BOP"), or upon motion of the defendant. A defendant may move under § 3582(c)(1)(A) only after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[1]  *Id.*

---

[1] Defendant's motion is properly before the Court because 30 days have elapsed since the date of Defendant's request to the Warden of USP Canaan. (Gov't Opp'n at Ex. A; *id.* at App. A.)

A court may reduce a defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i).  The court has discretion to consider "the full slate of extraordinary and compelling reasons" that an imprisoned person might cite in motions for compassionate release.  *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).  Such reasons may include whether a defendant is at increased risk of suffering serious illness from infection with COVID-19.  *See, e.g.*, *United States v. Jones*, 2020 WL 6131252, at *3 (S.D.N.Y. Oct. 19, 2020) (Swain, J.).

In determining whether to grant a motion for compassionate release, courts must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent they apply.  18 U.S.C. § 3582(c)(1)(A).  Even if extraordinary and compelling reasons for compassionate release exist, a court may deny the motion if the sentencing factors outweigh those compelling reasons. *See, e.g.*, *United States v. Butler*, 2020 WL 1689778, at *3 (S.D.N.Y. Apr. 7, 2020) (Engelmayer, J.).

## DISCUSSION

Defendant seeks compassionate release on the ground that he faces a heightened risk of serious illness or death from infection with COVID-19 because, among other reasons, he is 65 years old and suffers from asthma, hypertension, and has a history of heart attacks.  (Def.'s Resp. at 1; Gov't Opp'n at 4; Mot. at 2.)  The Government concedes that Defendant's history of heart attacks, which indicate coronary artery disease, present an "extraordinary and compelling" reason due to COVID-19.  (Gov't Opp'n at 4.)  The Court agrees and finds that, in the context of

the COVID-19 pandemic, Defendant's multiple heart attacks constitute an extraordinary and compelling reason for granting Defendant compassionate release.[2]

Nevertheless, the sentencing factors set forth in 18 U.S.C. § 3553(a) militate against granting Defendant's motion.  Section 3553(a) requires the Court to consider (1) "the nature and circumstances of the offense"; and (2) the need for the sentence imposed (A) "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," (B) "to afford adequate deterrence to criminal conduct," and (C) "to protect the public from further crimes of the defendant."  18 U.S.C. §§ 3553(a)(1)-(2).

Defendant argues that releasing him will not endanger the community because his plea agreement (which limited his maximum sentence to five years) did not require an admission that he possessed or used a firearm; he acknowledged the gravity of the attempted robbery and his criminal past; and he has exhibited good behavior in prison.  (Def.'s Resp. at 3.)

The Court finds these arguments unavailing in light of the § 3553(a) factors.  The offense that Defendant committed is egregious because it involved a violent attempted robbery at gunpoint.  (Sent. Tr. at 11-12.)  The victim of the crime suffered a bullet wound to the head that would have been fatal had the bullet landed a few inches lower.  (*Id.* at 11.)  In addition, as the Government states:

> [T]he defendant's criminal history includes a pattern of violent crimes that demonstrates not the least bit of care for human life. The defendant's history of brutal and violent crimes only further emphasizes why he should serve his full sentence. Among other criminal convictions, the defendant has been convicted of assault, burglary of a dwelling with explosives or a deadly weapon, and robbery. (PSR ¶¶ 31-34.)

---

[2] Although the Centers for Disease Control and Prevention (CDC) considers "moderate-to-severe" asthma to be a risk factor for COVID-19, there is no indication that Defendant's asthma is moderate-to-severe.  *See* CDC, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medicalconditions.html (last visited December 6, 2020).

> As this Court recalls from his sentencing, the facts of the defendant's burglaries and robbery are harrowing. As alleged in the criminal complaints, the defendant entered homes, brandished a gun, and pointed the gun at children as he ransacked the homes for money. (PSR ¶¶ 33-34.) During these burglaries, he repeatedly threatened to harm the homes' occupants, including infant children. During one of the burglaries, the defendant "cut a telephone line in the apartment" and stated "[i]f you try to call anyone, I'll kill you and the kids." (*Id.*) Although Sama was sentenced to 9 to 18 years' imprisonment for these burglaries, he was undeterred. Indeed, in 2010, Sama committed a robbery during which he assaulted the victim so ferociously that the victim was in a coma for several days. (PSR ¶ 35.) Again, although Sama was sentenced to 42 months to seven years' imprisonment, that serious sentence did not deter him from committing the instant offense. While the Government hopes that the defendant's full sentence is sufficient to deter him from committing additional crimes, there is no evidence suggesting the defendant will not pose a danger to reoffend if released early.
>
> The defendant has simply shown no respect for human life or the legal system. Allowing him a reduction of sentence would pose a serious danger to the community.

(Gov't Opp'n at 4-5.)

Based on the fact that the instant crime is of the same nature as Defendant's many prior crimes, and that Defendant was not deterred from criminal conduct by his prior periods of incarceration, the Court agrees with the Government that granting Defendant compassionate release would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from future crimes of Defendant.

## CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release under § 3582(c)(1)(A) is DENIED.

SO ORDERED.

Dated: New York, New York
December 7, 2020

                                                          /s/ Kimba M. Wood
                                                           KIMBA M. WOOD
                                                  United States District Judge